Mr. Paul J. Marino Port Richey City Attorney 611 Druid Road East, Suite 512 Clearwater, Florida 33756
Dear Mr. Marino:
On behalf of the Port Richey City Council, you ask substantially the following questions:
1. Is there a conflict between the provisions of sections 316.2045 and337.406, Florida Statutes?
2. Does section 316.2045, Florida Statutes, exempt organizations qualified under section 501(c)(3) of the Internal Revenue Code from the requirement of obtaining a permit from a municipality before engaging in solicitations on public roadways, including state-maintained roads?
As your questions are interrelated, they will be answered together.
Initially, I would note that the regulation of the right to solicit contributions on public roads raises First Amendment considerations. The right to solicit contributions to a charitable or political cause is protected by the First Amendment.[1] In a public forum, such as the streets, time, place and manner restrictions on the exercise of First Amendment rights will be permitted if they "are justified without reference to the content of the regulated speech, . . . are narrowly tailored to serve a significant governmental interest, and . . . they leave open ample alternative channels for communication of the information."[2] Both section 316.2045 and section 337.406, Florida Statutes, have been challenged on First Amendment grounds.
Recently, in Bischoff v. Florida,[3] the federal district court adopted the report and recommendation of a United States magistrate holding section 316.2045, Florida Statutes, facially invalid under the First Amendment. The court said the statute preferred the viewpoints expressed by registered charities and political campaigners by allowing ubiquitous and free dissemination of their views, but restricted discussion of all other issues and subjects. In News and Sun-Sentinel Co. v. Cox,[4] the federal district court held that section 337.406, Florida Statutes (1987), prohibiting commercial solicitation, including charitable solicitations, on state roads was not a valid time, place, or manner restriction, and was fundamentally incompatible with the First Amendment. The court held that even though the statute was content-neutral, traffic control and safety were significant governmental interests, and ample alternative channels of communication were available to the newspaper publisher challenging a violation of its right to distribute newspapers for sale, this section was not narrowly tailored to serve the interests asserted. The Legislature subsequently amended the statute to allow such usage within incorporated municipalities where the local governmental entity issued permits of limited duration for such use of the right-of-way, having determined that the use would not interfere with the safe and efficient movement of traffic and the use would not cause danger to the public.[5]
Your inquiry, however, concerns whether a possible conflict exists between sections 316.2045 and 337.406, Florida Statutes, rather than First Amendment issues. Moreover, this office has no authority to either declare a statute unconstitutional or advise noncompliance with its direction or mandate.[6] Thus, this opinion is limited to a consideration of the two questions you pose: whether there is a conflict between the two statutes and whether section 316.2045 exempts charitable organizations from having to obtain a permit on state roads.
Section 316.2045(1), Florida Statutes, makes it unlawful for any person to willfully obstruct the free, convenient, and normal use of any public street, highway, or road by impeding, hindering, stifling, retarding, or restraining traffic or passage thereon, by standing or approaching motor vehicles thereon, or by endangering the safe movement of vehicles or pedestrians traveling thereon.[7] Subsection (2) of the statute provides:
"It is unlawful, without proper authorization or a lawful permit, for any person or persons willfully to obstruct the free, convenient, and normal use of any public street, highway, or road by any of the means specified in subsection (1) in order to solicit. Any person who violates the provisions of this subsection is guilty of a misdemeanor of the second degree, punishable as provided in s. 775.082 or s. 775.083. Organizations qualified under s. 501(c)(3) of the Internal Revenue Code and registered pursuant to chapter 496, or persons or organizations acting on their behalf are exempted from the provisions of this subsection for activities on streets or roads not maintained by the state. Permits for the use of any portion of a state-maintained road or right-of-way shall be required only for those purposes and in the manner set out in s. 337.406."
Pursuant to section 316.2045(3), Florida Statutes, "[p]ermits for the use of any street, road, or right-of-way not maintained by the state may be issued by the appropriate local government."
Thus, section 316.2045, Florida Statutes, makes it unlawful, without proper authorization or lawful permit, for a person to willfully obstruct the free, convenient, and normal use of any public street, highway, or road by any of the means specified in the statute in order to solicit. Registered, tax-exempt organizations, and persons or organizations acting on their behalf, however, are exempted by the statute from this provision for activities on streets or roads not maintained by the state. For use of state maintained roads or rights-of-way, section 316.2045 specifically recognizes that permits shall be required only for those purposes and in the manner set out in section 337.406, Florida Statutes.
Section 337.406(1), Florida Statutes, provides:
"Except when leased as provided in s. 337.25(5) or otherwise authorized by the rules of the department, it is unlawful to make any use of the right-of-way of any state transportation facility, including appendages thereto, outside of an incorporated municipality in any manner that interferes with the safe and efficient movement of people and property from place to place on the transportation facility. Failure to prohibit the use of right-of-way in this manner will endanger the health, safety, and general welfare of the public by causing distractions to motorists, unsafe pedestrian movement within travel lanes, sudden stoppage or slowdown of traffic, rapid lane changing and other dangerous traffic movement, increased vehicular accidents, and motorist injuries and fatalities. Such prohibited uses include, but are not limited to, the free distribution or sale, or display or solicitation for free distribution or sale, of any merchandise, goods, property or services; the solicitation for charitable purposes; the servicing or repairing of any vehicle, except the rendering of emergency service; the storage of vehicles being serviced or repaired on abutting property or elsewhere; and the display of advertising of any sort, except that any portion of a state transportation facility may be used for an art festival, parade, fair, or other special event if permitted by the appropriate local governmental entity. Within incorporated municipalities, the local governmental entity may issue permits of limited duration for the temporary use of the right-of-way of a state transportation facility for any of these prohibited uses if it is determined that the use will not interfere with the safe and efficient movement of traffic and the use will cause no danger to the public. Before a road on the State Highway System may be temporarily closed for a special event, the local governmental entity which permits the special event to take place must determine that the temporary closure of the road is necessary and must obtain the prior written approval for the temporary road closure from the department. Nothing in this subsection shall be construed to authorize such activities on the Interstate Highway System. Local governmental entities may, within their respective jurisdictions, initiate enforcement action by the appropriate code enforcement authority or law enforcement authority for a violation of this section."[8]
Section 334.03(31), Florida Statutes, defines "Transportation facility" for purposes of the Florida Transportation Code[9] to mean "any means for the transportation of people or property from place to place which is constructed, operated, or maintained in whole or in part from public funds." The term includes "the property or property rights, both real and personal, which have been or may be established by public bodies for the transportation of people or property from place to place."
Rule 14-28.005(1), Florida Administrative Code, which seeks to implement section 337.406(1), Florida Statutes, provides that only non-profit organizations that have secured a solicitation permit may solicit within Department of Transportation public access facilities.[10] Permits for solicitation within department public access facilities are issued by the department, while permits for solicitation on state roads are issued by the appropriate local governmental entity. Subsection (3) of the rule provides that non-profit organizations that have secured approval of the appropriate local government may solicit at the approved location on the state road. Permits for solicitation on state roads within city limits should be obtained from and issued by the city.[11]
While section 316.2045(2), Florida Statutes, makes it unlawful, without proper authorization or a lawful permit, to willfully obstruct the free, convenient, and normal use of any public street, highway, or road in order to solicit, the exemption provided therein for organizations qualified under section 501(c)(3) of the Internal Revenue Code and registered under Chapter 496, Florida Statutes, applies only to the use of non-state roads. Section 337.406, Florida Statutes, which addresses the need for a permit to solicit on state-maintained roads, contains no exception for 501(c)(3) organizations; rather, the statute clearly contemplates that such organizations obtain a permit from the proper authority.
It is a fundamental principle of statutory construction that related statutes (i.e., statutes relating to the same subject and having the same purpose) should be read together so that they illuminate each other and are harmonized.[12] Both section 316.2045 and section 337.406 relate to use of roadways. However, the exemption from the permit requirements of section 316.2045(2) for organizations qualified under section 501(c)(3) of the Internal Revenue Code and registered pursuant to Chapter 496, Florida Statutes, applies only to non-state maintained roads. Section337.406 requires a permit for non-profit organizations to solicit on state-maintained roads. Thus, each statute has its separate sphere of operation. In fact, section 316.2045(2), while addressing the exemption for qualified organizations on non-state roads, specifically recognizes that permits shall be required only for those purposes and in the manner set out in section 337.406 for use of state maintained roads or rights-of-way.
Accordingly, I am of the opinion that the exemption afforded by section316.2045, Florida Statutes, for organizations qualified under section 501(c)(3) of the Internal Revenue Code from having to obtain a permit to conduct solicitations on public roads applies only to non-state roads and not to state-maintained roads. Permits for soliciting on state-maintained roads are governed by the provisions of section 337.406, Florida Statutes, which does not contain an exception for non-profit or charitable organizations but rather contemplates that permits will be obtained prior to such organizations conducting such activities on state-maintained roads. I find no conflict between the statutes.
Sincerely,
Charlie Crist Attorney General
CC/tjw
[1] See, e.g., Village of Schaumburg v. Citizens for BetterEnvironment, 444 U.S. 620, 632, 100 S.Ct. 826, 834, 63 L.Ed.2d 73
(1980), rehearing denied, 445 U.S. 972, 64 L.Ed.2d 250, 100 S.Ct. 1668
(1980), in which the Court stated:
"Charitable appeals for funds, on the street or door-to-door, involve a variety of speech interests . . . that are within the protection of the First Amendment. Soliciting financial support is undoubtedly subject to reasonable regulation, but the latter must be undertaken with due regard for the reality that solicitation is characteristically intertwined with informative and perhaps persuasive speech seeking support for particular causes or for particular views on economic, political, or social issues, and for the reality that without solicitation the flow of such information and advocacy would likely cease."
[2] See, Clark v. Community for Creative Non-Violence, 468 U.S. 288,293, 104 S.Ct. 3065, 3069, 82 L.Ed.2d 221 (1984); Association ofCommunity Organizations for Reform Now v. St. Louis County, 930 F.2d 591
(8th Cir. 1991).
[3] 2003 WL 147531 (M.D.Fla. 2003).
[4] 702 F. Supp. 891 (S.D.Fla. 1988).
[5] See, s. 9, Ch. 90-227, Laws of Florida.
[6] Cf., Ops. Att'y Gen. Fla. 78-64 (1978) and 77-99 (1977); seegenerally, Deltona Corporation v. Bailey, 336 So.2d 1163 (Fla. 1976).
[7] Any person or persons who violate the provisions of subsection(1) of s. 316.2045, Fla. Stat. upon conviction, shall be cited for a pedestrian violation, punishable as provided in Ch. 318, Fla. Stat.
[8] And see, s. 337.406(2), Fla. Stat., providing that "[p]ersons holding valid peddlers' licenses issued by appropriate governmental entities may make sales from vehicles standing on the right-of-way to occupants of abutting property only."
[9] See, s. 334.01, Fla. Stat., stating that Chs. 334-339, 341, 348, and 349 and ss. 332.003-332.007, 351.35, 351.36, 351.37, and861.011, Fla. Stat., may be cited as the "Florida Transportation Code."
[10] See, Rule 14-28.0011(6), Fla. Admin. C., defining "Non-Profit Organizations" to mean any or all charitable organization, charitable institution, or religious institution as defined by Rule 14-28.0011(1), Fla. Admin. C., which defines "Charitable Institutions" to mean "only nonprofit corporations currently qualified as nonprofit pursuant to26 U.S.C. § 501(c)(3), United States Internal Revenue Code, and other nonprofit entities, as defined in Section 212.08(7)(o)2.b., Florida Statutes." And see, Rule 14-28.0011(10), Fla. Admin. C., defining "Solicit and Solicitation" to mean "the requesting of voluntary donations, directly or indirectly of money, credit, property, financial assistance, or other things of value on the plea or representation that such money, credit, property, financial assistance, or other things of value will be used for a charitable or religious purpose. Displaying a sign that voluntary contributions will be accepted and making a receptacle available for such purposes constitutes solicitation. A request for a minimum or specific contribution for items made available by the permittee is not solicitation and is prohibited."
[11] Rule 14-28.005(3), Fla. Admin. C., further provides that permits for solicitation on roads outside city limits should be obtained from and issued by the county in which the state road is located while permits for solicitation on expressways should be obtained from and issued by the expressway authority and any local governmental entity with jurisdiction.
[12] See, e.g., McGhee v. Volusia County, 679 So.2d 729 (Fla. 1996).